**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
1:12-cv-25-RJC**

| | |
|---|---|
| **LEVON TODD,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **LEWIS SMITH, Admin.,** ) | |
| **Albemarle Correctional Inst.,** ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** comes before the court on Respondent's Motion for Summary Judgment, (Doc. No. 6), Petitioner's Motion to Deny State's Statute of Limitations, (Doc. No. 13), Petitioner's Motion for Presumption of Correctness Ruling, (Doc. No. 14), and Petitioner's Motion for Denial to Respondent's Summary Judgment Motion, (Doc. No. 15).

**I.   BACKGROUND**

Petitioner is a state court inmate who, on March 5, 2009, was found guilty after a jury trial in Buncombe County Superior Court of possession with intent to sell and deliver marijuana. See State v. Todd, 203 N.C. App. 741, 693 S.E.2d 281 (2010). On the same date, Petitioner pled guilty to attaining habitual felon status. Id. The trial court sentenced Petitioner to 107 to 138 months' imprisonment. Petitioner appealed and on May 4, 2010, the North Carolina Court of Appeals found no error and affirmed. Id. On January 21, 2011, Petitioner filed a pro se motion for appropriate relief ("MAR"). (Doc. No. 7-3). On March 17, 2011, the MAR court summarily denied Petitioner's MAR. (Doc. No. 7-4). On June 29, 2011, Petitioner filed a pro se petition for writ of certiorari with the North Carolina Court of Appeals. (Doc. No. 7-5). The

1

North Carolina Court of Appeals denied the petition for writ of certiorari on July 13, 2011. (Doc. No. 7-6).

On August 18, 2011, Petitioner filed a pro se document titled "Petition for Discretionary Review" in the North Carolina Supreme Court, seeking review of the North Carolina Court of Appeals' denial of the petition for writ of certiorari. (Doc. No. 7-7). On November 9, 2011, the North Carolina Supreme Court dismissed Petitioner's "Petition for Discretionary Review." (Doc. No. 7-8).

On February 1, 2012, Petitioner submitted the pending Section 2254 petition to this Court, and it was stamp-filed on February 6, 2012. Petitioner alleges the following grounds for relief in the petition: (1) that his conviction was based on perjured testimony and an invalid warrant; (2) that the trial court willfully and inadvertently allowed the State to incorrectly instruct the jury and misquote the law; (3) that the prosecution presented a racist closing argument, which prejudiced Petitioner and which the trial court failed to cure; (4) that his guilty plea to attaining habitual felon status was involuntary; and (5) that he was subjected to selective and institutional vindictive prosecution by the prosecutorial district in which he was prosecuted, (A) as evidenced by another prosecution in which the defendants in that case received a lesser sentence; and (B) based on the history of prosecutions in that district, perjured trial testimony, and improper remarks by the prosecutor at trial.

## II. STANDARD OF REVIEW

### A. Summary Judgment Standard

Summary judgment is appropriate where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences

to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

      B.     Section 2254 Standard

In addition to the motion for summary judgment standard set forth above, this Court must also consider the requirements set forth in 28 U.S.C. § 2254. Section 2254(d) provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011).

A claim is considered "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Young v. Catoe, 205 F.3d 750, 755 (4th Cir. 2000) (quoting Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999)). A state court adjudication is "contrary to" clearly established federal law only if "the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "It is not enough for us to say that, confronted with the same facts, we would have applied the law differently; we can accord [the petitioner] a remedy only by

3

concluding that the state court's application of the law in his case was objectively unreasonable." See Tice, 647 F.3d at 103 (citing Williams v. Ozmint, 494 F.3d 478, 483-84 (4th Cir. 2007)). "[W]e will not discern an unreasonable application of federal law unless 'the state court's decision lies well outside the boundaries of permissible differences of opinion.'" Id. at 108 (quoting Goodman v. Bertrand, 467 F.3d 1022, 1028 (7th Cir. 2006)).

### III. DISCUSSION

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> 
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In addition, the one-year limitations period is tolled during the pendency of a properly filed state post-conviction proceeding. See 28 U.S.C. § 2244(d)(2).

In support of his Motion for Summary Judgment, (Doc. No. 6), Respondent contends that, with the possible exception of Petitioner's Ground (5)(A), all of Petitioner's grounds for relief are barred by the one-year AEDPA limitations period. For the following reasons, the Court agrees.

Petitioner's case became final thirty-five days after the North Carolina Court of Appeals

issued its May 4, 2010, opinion, i.e., on June 8, 2010. See 28 U.S.C. § 2244(d)(1)(A) (providing that judgment becomes final by conclusion of direct review or expiration of time for seeking such review); see also N.C. R. App. P. 32(b) (2012) (providing that, unless the court orders otherwise, the mandate issues twenty days after the North Carolina Court of Appeals' decision), and N.C. R. App. P. 14(a) & 15(b) (2012) (stating that notice of appeal and/or petition for discretionary review must be filed within fifteen days after the issuance of the mandate).

Petitioner's limitations period ran for 227 days until January 11, 2011, when Petitioner filed his state court MAR. Petitioner's limitations period remained tolled until the North Carolina Court of Appeals issued its order denying the petition for writ of certiorari on July 13, 2011. See 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Thereafter, Petitioner had 138 days within which to file a Section 2254 petition, making his petition due on November 28, 2011. Because Petitioner did not file his Section 2254 petition until February 1, 2012, it was over two months late, at least as it applies to Petitioner's Grounds (1), (2), (3), (4), and (5)(B). Accordingly, the Court will dismiss those claims as barred by the one-year limitations period.

As noted, Petitioner did file a petition for discretionary review in the North Carolina Supreme Court on August 18, 2011, which that court dismissed on November 9, 2011. (Doc. Nos. 7-7; 7-8). Through that discretionary petition, Petitioner challenged the North Carolina Court of Appeals' order denying his petition for writ of certiorari, in which he sought review of the denial of his MAR. The pendency of Petitioner's discretionary review petition to the North Carolina Supreme Court did not toll the one-year limitations period because only "a properly

filed application for State post-conviction or other collateral review" tolls the AEDPA limitations period. See 28 U.S.C. § 2244(d)(2). The North Carolina Supreme Court does not entertain discretionary review petitions seeking review of the North Carolina Court of Appeals' orders in noncapital, post-conviction matters. See N.C. R. APP. P. 21(e) (2011) (providing that petitions for writs of certiorari seeking review of trial court rulings on non-capital MARs and other such post-conviction filings seeking relief "shall be filed with the [North Carolina] Court of Appeals and the Supreme Court will not entertain petitions for certiorari or petitions for further discretionary review in these cases"); see also N.C. GEN. STAT. § 15A-1422(f) (2011) ("Decisions of the Court of Appeals on motions for appropriate relief that embrace matters set forth in G.S. 15A-1415(b) are final and not subject to further review by appeal, certification, writ, motion, or otherwise."). Because the discretionary review petition was improperly filed under § 2244(d)(2), this filing did not toll the statute of limitations. Furthermore, the fact that the North Carolina Supreme Court sometimes, in its discretion, suspends or creates exceptions to its procedural rules does not mean that the petition for discretionary review served to toll the AEDPA limitations period. See Rouse v. Lee, 339 F.3d 238, 245 (4th Cir. 2003) (en banc). In sum, Petitioner's claims, with the possible exception of Ground (5)(A), are barred by the applicable statute of limitations.

Furthermore, the circumstances in this case do not warrant equitable tolling. Petitioner does not provide any arguments supporting a finding that equitable tolling is appropriate. Rather, he contends that his petition is timely. In support, Petitioner cites to Gonzalez v. Thaler, 132 S. Ct. 641, 654-56 (2012), and he contends that his conviction was not final for purposes of the one-year limitations period for an additional ninety days from the date on which the North Carolina Court of Appeals upheld his conviction on May 4, 2010. Petitioner contends that his

6

conviction became final ninety days from that date, rather than on June 8, 2010. Petitioner is incorrect. In Gonzalez, the Supreme Court held that when a Section 2254 petitioner does not seek review of a decision of an intermediate state appellate court in the state's highest court, the petitioner's conviction becomes final after the time within which he could have sought review from the highest court ends. Gonzalez, 132 S. Ct. at 654-56. If the petitioner does not seek such review, he does not get the benefit of the ninety days in which to file a petition for writ of certiorari in the Supreme Court. Here, Petitioner did not seek review in the North Carolina Supreme Court of the North Carolina Court of Appeals' opinion affirming Petitioner's conviction. Therefore, he did not receive the benefit of the additional ninety days in which to file a petition for writ of certiorari with the Supreme Court, and his petition is therefore untimely.

Next, as to Petitioner's Ground (5)(A), Petitioner contends that he was subjected to selective and institutional vindictive prosecution in which other defendants received a lesser sentence. Petitioner contends that the same prosecutor who prosecuted him, Chris Hess, more recently prosecuted two other defendants, in which Petitioner contends was the largest drug seizure in the history of the prosecutorial district in which Petitioner was prosecuted. Petitioner notes that the two defendants in that case possessed more than 1,000 pounds of marijuana, along with over $1 million in cash. Petitioner also notes that the two defendants received sentences of only 25 to 30 months' imprisonment. As support for this ground for relief, Petitioner has attached to his petition a February 10, 2011, newspaper article about the large-scale drug prosecution. (Doc. No. 1 at 42).

Petitioner raised the substance of Ground (5)(A) in his MAR. The Superior Court summarily denied the MAR, finding, among other things, that there were "no probable grounds

for relief."[1] (Doc. No. 7-4). Under clearly established federal law, as determined by the U.S. Supreme Court, to prove a selective-prosecution claim, a defendant must show the prosecutor's decision to prosecute him "was based on an unconstitutional motive." Wade v. United States, 504 U.S. 181, 185-86 (1992). The government retains broad discretion in prosecutorial decisions "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute," and the decision to prosecute is not "deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification." Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978) (internal quotations omitted); Rowsey v. Lee, 327 F.3d 335, 342-43 (4th Cir. 2003).

The MAR Court's adjudication was neither contrary to nor an unreasonable application of clearly established federal law, as determined by the U.S. Supreme Court, nor was it based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings. See 28 U.S.C. § 2254(d)(2). Petitioner does not allege, much less present, evidence of any unconstitutional motive with regard to Ground (5)(A). Moreover, the defendants to which Petitioner compares himself were charged with different offenses than Petitioner. Also, unlike Petitioner, these other defendants pled guilty and, as such, they most likely received reduced sentences due to their guilty pleas. Finally, Petitioner was sentenced as a habitual felon, while there is no evidence that the other defendants had any criminal record or were sentenced as habitual felons.

---

[1] Even though the Superior Court's order was a summary adjudication, it is still entitled to deference in this proceeding. See Harrington v. Richter, 131 S. Ct. 770, 784-86 (2011); see also Hartman v. Lee, 283 F.3d 190, 194 (4th Cir. 2002) (noting that even though state court may not state reasons for decision on merits, decision is still entitled to deference if independent review of law reveals that result meets standards established by Section 2254(d)), cert. denied, 537 U.S. 1114 (2003).

In sum, Petitioner's Ground (5)(A) has no merit.

### III. CONCLUSION

For the reasons stated herein, the Court will grant Respondent's summary judgment motion and dismiss the petition.

**IT IS THEREFORE ORDERED** that:

1. Respondent's Motion for Summary Judgment, (Doc. No. 6), is **GRANTED** and the Section 2254 petition is dismissed with prejudice;

2. Petitioner's Motion to Deny State's Statute of Limitations, (Doc. No. 13); Petitioner's Motion for Presumption of Correctness Ruling, (Doc. No. 14); and Petitioner's Motion for Denial to Respondent's Summary Judgment Motion, (Doc. No. 15), are all **DENIED**; and

3. It is further ordered that, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: January 14, 2013

Robert J. Conrad, Jr.
Chief United States District Judge